UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

Jay Connor,

    Plaintiff,

Vs.

Brookstone Funding Inc. and Kevin Pacheco Individually

    Defendants.

C/A No:
2:25-cv-371-JD-MGB

COMPLAINT

JURY TRIAL REQUESTED

Plaintiff complaining of the Defendants alleges as follows:

## TYPE OF ACTION

1. This is an action to recover statutory damages imposed by 47 U.S.C. § 227, and trebled damages constituting forfeiture or other penalty and S.C. Code Section § 37-21.

## PARTIES

2. Plaintiff is a resident of Charleston County, South Carolina.

3. The calls alleged in this complaint were made to Plaintiff's wireless phone line in South Carolina.

4. Defendant Brookestone Funding, Inc. ("Brookestone") is a New York corporation.

5. Upon information and belief, Brookestone's principal office is located at 2002 Coney Island Avenue, Brooklyn, NY 11223.

6. Brookestone sends text messages to residents of South Carolina.

7. Brookestone calls residents of South Carolina.

8. Brookestone conducts and transacts business in South Carolina.

9. Defendant Kevin Pacheco ("Pacheco") is an individual.

10. Upon information and belief, Pacheco is the Chief Financial Officer of Brookestone Funding.

11. Pacheco sends text messages to residents of South Carolina.

12. Pacheco calls residents of South Carolina.

13. Pacheco conducts and transacts business in South Carolina.

## VENUE AND JURISDICTION

14. This cause of action arises out of conduct of Defendants initiating telephone solicitations via texts to Plaintiff's wireless telephone number in Charleston County South Carolina.

15. Plaintiff is a resident of Charleston County.

16. Pursuant to *Mims v. Arrow Fin. Services. LLC* 565 U.S. 368, 372 (2012), this court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under the South Carolina Telephone Privacy Protection Act, S.C. Code Section 37-21, because the state claims arise from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff, and add little complexity to the case. Furthermore, pursuant to Section 37-21-100, "Nothing in this chapter must be construed to limit any remedies, causes of action, or penalties available to a person or governmental agency under another federal or state law."

## The Telephone Consumer Protection Act

17. "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

18. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his

3

own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

19. The TCPA provides a private right of action under section 47 U.S.C § 227 (c)(5) for a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under the subsection.

### The South Carolina Telephone Privacy Protection Act

20. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, et seq.

21. The SCTPPA requires that "at the outset of a telephone solicitation, a telephone solicitor shall provide…the name of the person on whose behalf the telephone solicitation is being made." 37-21-40(A).

22. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

23. The SCTPPA provides a private right of action under section S.C. Code § 37-21-80 for a person who has received a telephone call in violation of the regulations prescribed under the statute.

### Factual Allegations

24. The telemarketing campaign alleged herein included placing multiple solicitation calls (the "Calls") to Plaintiff's number to promote loans via text message.

25. Defendant Brookestone placed the alleged Calls to Connor's wireless number.

<u>Telephone calls to Plaintiff</u>

26. Plaintiff Connor is a "person" as defined by 47 U.S.C. § 153(39).

27. Plaintiff Connor is a "person" as defined by SC Code Section 37-21-20.

28. Defendants Brookstone Funding and Pacheco are "persons" as defined by SC Code Section 37-21-20.

29. Plaintiff is the sole subscriber to the wireless telephone number (843) 281-XXXX.

30. Plaintiff uses the cellular telephone as a personal residential number.

31. Plaintiff placed the number (843) 281-XXXX on the National Do Not Call Registry in 2022.

32. Plaintiff never consented to receive calls from Defendant.

33. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez, 577 U.S. 153, 153 (2016).*

34. Defendants placed three text messages (the "Calls") to Plaintiff.

35. On December 27, 2024, Plaintiff received the first message. It read, "Hey, Hope all is well. Reaching out regarding your inquiry – 2 days left for our No Fee special!! Around 2.3M left- Let me know what amount and term you're looking for, and we'll make it happen. – Reply STOP to opt-out"

36. Plaintiff immediately suspected the text message was unsolicited because the first message did not include a person's name or business name, and he made no inquiry about a "No Fee Special."

37. Prior to filing the instant case, Defendants did not respond to Plaintiff's letter requesting information about the inquiry referenced in the First Text.

38. On December 28, 2024, Kevin Pacheco, confirmed Defendant's involvement by sending an email to Plaintiff related to the First text.

39. On December 28, 2024, Plaintiff instructed Mr. Pacheco not to text him again after identifying Defendant Brookestone Funding, Inc. was a party that sent the text message.

40. Instead of honoring Plaintiff's Do Not Call Request, Mr. Pacheco continued to send two more text messages to Plaintiff on December 28, 2024.

41. The text messages received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him purchase or rental of, or investment in, property, goods, or services as they seek to have him purchase the Defendants' solar services.

42. The alleged calls were nonconsensual encounters.

43. Plaintiff's privacy has been violated by the above-described telemarketing messages.

44. The text messages to the Plaintiff were unwanted.

## CAUSES OF ACTION

### Count One:
### Violations of the TCPA's Implementing Regulations
### Codified at 47 C.F.R. § 64.1200

45. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

46. By placing (3) telemarketing calls to the Plaintiff's telephone number, which he registered on the National Do-Not-Call Registry, failing to have a written Do-Not-Call policy, and failing to maintain the Plaintiff's number on their Do-Not-Call list, Defendants jointly and

severally, violated 47 U.S.C. § 227 (c)(5) by violating the implementing regulations codified in 47 C.F.R. § 64.1200(c) and (d).

47. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227(c), and Plaintiff is entitled to an award of $500 - $1,500 in damages for each and every call and violation made to his telephone number in violation of the TCPA's implementing regulations codified at 47 C.F.R.§64.1200, pursuant to 47 U.S.C. § 227(c)(5)(B).

## Count Two:

### Violations of the SCTPPA

48. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

49. The foregoing acts and omissions of Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the SCTPPA, including: (a) initiating a call to a telephone number on the federal Do Not Call Registry (b) the failure to "shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made"

50. The Defendants' violations were negligent and/or knowing.

51. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief, temporarily and permanently:

- For the statutory damages of $500 to $1,500 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the TCPA;

- For the statutory damages of $1,000 to $5,000 per violation to be awarded to the Plaintiff for each of the Defendants' violations of the SCTPPA;

- For an award of attorneys' fees pursuant to the SCTPPA;

- For unspecified punitive damages in an amount to be determined by the jury.

Respectfully Submitted,

*[signature]*

Jay Connor Plaintiff, *Pro Se*
215 East Bay Street 201-F
Charleston, SC 29401
Jayc650@hush.com
January 17, 2025                                    (843) 557-5724 (Residential)