UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jay Connor, | ) | Case No. 2:25-cv-00371-JD-MGB |
|        Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Brookstone Funding Inc. and Kevin Pacheco, | ) | |
|        Defendants. | ) | |

Plaintiff Jay Connor ("Plaintiff"), proceeding *pro se*, brings this civil action alleging violations of the Telephone Consumer Protection Act ("TCPA") and the South Carolina Telephone Privacy Protection Act ("SCTPPA") arising from alleged telephone solicitations by text messages to Plaintiff's cellular telephone number in December of 2024.[1] (Dkt. No. 1.) Plaintiff filed this action on January 21, 2025, and summonses were issued for Defendants Brookstone Funding, Inc. and Kevin Pacheo on February 19, 2025. (Dkt. No. 7.)

On May 22, 2025, the Court granted Plaintiff's first motion for extension, extending the service deadline to July 18, 2025. (Dkt. Nos. 10; 11.) On July 18, 2025, Plaintiff moved for another 60-day extension of this deadline, stating that the registered agent information for Defendant Brookstone Funding Inc. is no longer valid, and it is not located at the physical address listed on its website. (Dkt. No. 13.) Plaintiff further stated that the other Defendant, Kevin Pacheco, is a "key employee" of Brookstone, and Plaintiff "has identified some telephone numbers for Defendants that may provide information that will assist in locating them." (*Id.*) Plaintiff stated this "will be Plaintiff's final request for an extension for service." (*Id.*) The Court granted

---

[1] Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

1

Plaintiff's motion on July 21, 2025, stating, "Plaintiff's deadline to complete service is extended to September 16, 2025. No further extensions will be granted." (Dkt. No. 14.)

In the instant Motion for Issuance of a Subpoena dated August 27, 2025, and filed the same day, Plaintiff asks the Court to issue a subpoena to Onvoy, LLC GA, which "is the voice over internet protocol telephone carrier for the platform that transmitted the text messages using the Caller ID . . . alleged in the complaint." (Dkt. No. 16.) Plaintiff states that this information is sought because: (1) "the carrier detail records will confirm the time and date information of the subject text messages alleged in the complaint"; (2) "carrier records will provide information about the source of the call, confirm the caller ID transmitted in the call (if the outgoing caller ID has been manipulated by the calling party or platform used to send the text messages) and information about routing of the text that would not show up on a customer invoice"; and (3) "the carrier will be able to provide address information about the platform used to make the alleged messages so Kevin Pacheco, an individual named as defendant, who used the platform to initiate the text messages, can be located for service." (*Id.*) Notably, the "To" portion of the subpoena merely lists "Onvoy, LLC GA" without any address, and the subpoena states that the requested information must be produced by "08/26/25 4:57 pm," a date which has already passed. (Dkt. No. 16-1.)

Subpoenas issued to nonparties are governed by Rule 45 of the Federal Rules of Civil Procedure, which "adopts the standard codified in Rule 26" in determining what is discoverable. *Schaaf v. SmithKline Beecham Corp.*, 233 F.R.D. 451, 453 (E.D.N.C. 2005); *see* Fed. R. Civ. P. 45; Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or to permit an inspection."). Rule 26 of the Federal Rules of Civil Procedure allows for the discovery of any matter that is not privileged, "that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A

subpoena made on a non-party must state the place where compliance is required, which must be within 100 miles of where the subpoenaed non-party resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(1)(A)(iii), (c)(2)(A).

Upon review, the Court cannot issue the proposed subpoena as drafted. It does not include an address for the third-party entity, Onvoy LLC GA, and it does not include a proper date of compliance. Accordingly, Plaintiff's Motion (Dkt. No. 16) is DENIED WITHOUT PREJUDICE. If Plaintiff chooses to re-submit his motion with a corrected proposed subpoena, he must clarify when he first knew of the existence of Onvoy, LLC GA and its relevance to the issues in his case. Plaintiff should also clarify when he expects to accomplish service in this action, given his prior statement that his July 18, 2025 motion would "be Plaintiff's final request for an extension of service." (*See* Dkt. No. 13 at 2.)

IT IS SO ORDERED.

August 28, 2025  
Charleston, South Carolina

MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE